22ND JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. TAMMANY

STATE OF LOUISIANA

No. 2010-14762

DIVISION "L"

ROSANNE WILFER

-VERSUS-

ASI LLOYDS

FILED: JUL 2 9 2010

S/CONNIE GENNARO
DEPUTY CLERK

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Petitioner, ROSANNE WILFER, who, respectfully states as follows:

1.

Petitioner is an individual of full age of majority, residing at 1202 Magnolia Alley, Mandeville, Louisiana 70471 in the Parish of St. Tammany.

2.

Defendant, ASI LLOYDS, is a Florida insurance corporation authorized to do and is doing business in Louisiana, domiciled at 300 Executive Center Drive, West Suite 300, St. Petersburg, FL 33702 and has designated the Louisiana Secretary of State as its agent for service of process in Louisiana.

3.

Venue is proper in this Court pursuant to articles 74, 76 and 76.1 of the Louisiana Code of Civil Procedure.

4.

Petitioner is owner of 1202 Magnolia Alley, Mandeville, Louisiana 70471, located in the Parish of St. Tammany, State of Louisiana.

5.

Petitioner purchased an insurance policy from Defendant, providing coverage for the dwelling in an amount of $241,980.00.

6.

In or about the Summer of 2009, Petitioner discovered that Petitioner's Home was constructed using Chinese manufactured drywall, which caused, and continues to cause,

FAX FILED
7/23/10

EXHIBIT
1

physical loss and damage to Petitioner's Home and contents. The Chinese drywall emits odorous gases that cause corrosion of air-conditioner and refrigerator coils, copper tubing, electrical wiring, computer wiring, and other household items.

7

Petitioner's policy issued by Defendant is all risk policies, providing coverage for direct physical loss or damage to the homes unless caused by the exclusions named in the policy.

8

On or about July 9, 2009, Petitioner provided notice of Petitioner's claim relating to the possible presence of Chinese drywall in Petitioner's Home to Defendant.

9.

On or about July 23, 2009, a final report was rendered by Harold I. Zeliger, Ph.D., inspector for Defendant, that the home was positive for Chinese manufactured drywall.

10.

On or about August 31, 2009, Defendant notified Petitioner that Defendant had determined that the damages being claimed for Petitioner's Home were excluded from coverage and that Defendant was denying coverage for Petitioner's damages caused by the Chinese-manufactured drywall by listing all of the exclusions in Petitioner's policy without specifying which exclusion applied to Petitioner's claim.

11.

On or about October 28, 2009, Petitioner was notified by Defendant that Petitioner's policy would not be renewed and coverage would end on February 28, 2010. Defendant stated that the reason for non-renewal was for "Reduction of Hurricane Exposure Management", although Defendant continued to write policies in Petitioner's very own neighborhood.

12.

Petitioner was then forced to purchase last resort insurance from Louisiana Citizens Fair Plan at a premium of $2,909.00, more than double what Petitioner was paying per year with Defendant, which was $1,425.00.

13.

Petitioner has complied with all of her obligations under the policies of insurance.

14.

A valid contract of insurance exists between Petitioner and Defendant providing coverage for the losses and damages caused by the Chinese-manufactured drywall, as none of the exclusions claimed by Defendant apply to damages caused by Chinese-manufactured drywall.

15.

Petitioner has paid all premiums due under her policy of insurance with Defendant and has materially performed her obligations under the policy.

16.

The damages and losses sustained by Petitioner were caused by the presence of Chinese-manufactured drywall in Petitioner's Home; yet, Defendant has failed to meet its obligations under the policy of insurance and has failed and/or refuses to cover the damages and losses sustained by Petitioner.

17.

Defendant has breached its policy by unjustifiably denying Petitioner's claim for covered damages.

18.

As a direct and proximate result of the breach by Defendant, Petitioner was deprived of the benefits of insurance coverage for which Defendant was paid substantial premiums, and, accordingly, Petitioner has suffered, and will continue to suffer, substantial economic damage, particularly associated with remediation efforts.

19.

Defendant breached its duty of good faith and fair dealing that it owes to Petitioner in denying Petitioner's claim.

20.

Defendant misrepresents the policy provisions, including the exclusions, in denying Petitioner's claim under the policies.

21.

Defendant violated La. R.S. 22:1973 and La. R.S. 22:1892 by failing to properly adjust and pay Petitioner's claim in a fair and timely manner.

22.

Petitioner demands a trial by jury.

23.

WHEREFORE, Petitioner, ROSANNE WILFER, respectfully prays that her Petition for Damages be deemed good and sufficient, and that Defendant, ASI LLOYDS, be duly served and cited with a copy of this Petition for Damages and that Defendant be made to appear and answer the same within the delays allowed by law, and that after all due and legal proceedings are had herein, for the reasons set forth herein, that there be judgment entered in favor of Petitioner, ROSANNE WILFER, and against Defendant, ASI LLOYDS, in an amount that is reasonable under the premises, and together with all costs of these proceedings, for penalties and attorney fees, for legal interest from the date of judicial demand until paid, and for all general and equitable relief.

Dated: July 23, 2010

Respectfully Submitted,

HUGH P. LAMBERT, T.A.      (Bar #7933)
LINDA J. NELSON            (Bar #9938)
CANDICE C. SIRMON          (Bar #30728)
CAYCE C. PETERSON          (Bar #32217)
LAMBERT & NELSON, P.L.C.
701 Magazine Street
New Orleans, LA 70130
Counsel for Petitioner, ROSANNE WILFER
hlambert@lambertandnelson.com
lnelson@lambertandnelson.com
candices@lambertandnelson.com
cpeterson@lambertandnleson.com

**PLEASE SERVE:**

ASI LLOYDS
Through its Registered Agent for Service:
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70809


A TRUE COPY

Homeowners Declaration Page

ASI LLOYDS
805 Executive Center Dr W Suite 300
St. Petersburg, FL 33702
phone: (727) 374-2502



| Total Policy Premium: | $1,425 |
|---|---|
| Policy Number: | LAL9696 |

| Agent: | |
|---|---|
| Eustis Insurance and Benefits | |
| 1340 Paydras, Ste 1900 | |
| New Orleans, LA 70112 | |
| Agent Code: | 417428 |
| For Policy Service, Call: | (504) 586-0440 |

Named Insured:
Rosanne Wilfer
1202 Magnolia Alley
Mandeville, LA 70471

Effective Date of This Transaction:     2/28/2009

Activity of This Transaction:     New Business

Residence Premises:
1202 MAGNOLIA ALY
MANDEVILLE, LA 70471

Policy Period:  From: 02/28/2009  To: 02/28/2010
(At 12:01 AM Standard Time at the residence premises)

Plan Type:   HO3

Coverage at the residence premises is provided only where a limit of liability is shown or a premium is stated.

### Coverages and Limits of Liability

| | | Limit | Premium |
|---|---|---|---|
| SECTION I: | A. Dwelling Cov | $241,980 | 2203.39 |
| | B. Other Structures | $24,198 | Included |
| | C. Personal Property | $120,990 | Included |
| | D. Loss of Use | $48,396 | Included |
| SECTION II: | E. Personal Liability - Each Occurrence | $300,000 | 25.00 |
| | F. Medical Payments to Others - Each Person | $5,000 | 10.00 |

OTHER COVERAGES AND ENDORSEMENTS:
(Printed on the following page)

DEDUCTIBLES:   Other Covered Perils:      $2500
                Hurricane Deductible:      $2500

Special Messages:   OTHER COVERAGES, LIMITS AND EXCLUSIONS APPLY - REFER TO YOUR POLICY FOR DETAILS

Mortgagee:

**1st Mortgagee:**
Indy Mac Bank, F.S.B. ISAOA
P.O. Box 2971
Phoenix, AZ 85062

Loan #1291432343      Escrow: No

**2nd Mortgagee:**

This is a true and certified copy of the original policy issued.

Date: 9/5/09

Page 1 of 2   Countersigned by Authorized Representative     St. Petersburg, Florida     Date: 02/05/2009     ASI HO

EXHIBIT 2

Name Insured(s):   Rosanne Wilfer                                          Policy Number:   LAL9696

| Coverages And Endorsements | Form Number | Limit | Premium |
|---|---|---|---|
| Special Provisions -LOUISIANA | ASI HO LA SP 07 08 | | |
| Homeowners 3 Special Form | HO 00 03 10 00 | | |
| Home Day Care Coverage Explanation | HO 04 96 10 00 | | |
| LACoverageDisclosure | LA Coverage Disclosure | | |
| Personal Prop Replmnt Cost | HO 04 90 10 00 | | |
| Tier Factor Premium | | | 264.41 |
| Hip Roof Design Credit | | | -421.28 |
| | | | -255.22 |
| Home Computer Coverage | ASI HO HC 06 08 | 1500 | 9.00 |
| Personal Injury Coverage | ASI HO LA PNJ 04 08 | | 15.00 |
| Building Code | | | -216.93 |
| Covered Porch | | | 36.88 |
| Residents Smoke | | | -7.86 |
| Fire Protection | | | -38.90 |
| Burglar Protection | | | -59.13 |
| Fungi,Mold,Wet/Dry Rot Included | ASI HO LA LF2 07 08 | 10000 | Included |
| Age of Dwelling | | | -748.19 |
| Max Discount Adjustment - Tier | | | 95.27 |
| Non Hurricane Deductible | | 2500 | -72.43 |
| Hurricane Deductible | | 2500 | -37.28 |
| Citizens FAIR Plan Assessment | | | 67.87 |
| Loss Assessment | HO 04 35 10 00 | 10000 | 25.00 |
| PC / Construction Factor | | | 314.82 |
| Dog Liability Buyback | ASI HO LA DL 07 08 | | 25.00 |
| Increased Repl Cost on Dwelling | ASI HO LA IRC 02 08 | | 125.91 |
| Fixed Base Premium | | | 65.00 |

| Scheduled Items: Description: | | Value | Premium |
|---|---|---|---|

Additional Insured:

Rating Information:
- Construction Type: Stucco
- Type of Residence: Single Family
- Year Built: 2007
- Total Square Feet: 1659
- ASI Territory: 411

Special Conditions:   PLEASE READ YOUR POLICY DOCUMENTS CAREFULLY AS SPECIAL CONDITIONS AND EXCLUSIONS APPLY. THESE INCLUDE, AMONG OTHERS:
1. LIMITED LIABILITY FOR WATERCRAFT
2. NO LIABILITY COVERAGE FOR DOGS (LIMITED DOG COVERAGE MAY BE AVAILABLE)
3. NO LIABILITY FOR TRAMPOLINES
4. LIMITED LIABILITY FOR RECREATIONAL VEHICLES



# The State of Texas
## Secretary of State

CERTIFICATE OF INCORPORATION

OF

ASI LLOYDS, INC.
CHARTER NUMBER   01553178

THE UNDERSIGNED, AS SECRETARY OF STATE OF THE STATE OF TEXAS, HEREBY CERTIFIES THAT THE ATTACHED ARTICLES OF INCORPORATION FOR THE ABOVE NAMED CORPORATION HAVE BEEN RECEIVED IN THIS OFFICE AND ARE FOUND TO CONFORM TO LAW.

ACCORDINGLY, THE UNDERSIGNED, AS SECRETARY OF STATE, AND BY VIRTUE OF THE AUTHORITY VESTED IN THE SECRETARY BY LAW, HEREBY ISSUES THIS CERTIFICATE OF INCORPORATION.

ISSUANCE OF THIS CERTIFICATE OF INCORPORATION DOES NOT AUTHORIZE THE USE OF A CORPORATE NAME IN THIS STATE IN VIOLATION OF THE RIGHTS OF ANOTHER UNDER THE FEDERAL TRADEMARK ACT OF 1946, THE TEXAS TRADEMARK LAW, THE ASSUMED BUSINESS OR PROFESSIONAL NAME ACT OR THE COMMON LAW.

DATED OCT.   7, 1999

EFFECTIVE OCT.   7, 1999



Elton Bomer, Secretary of State

EXHIBIT
3

OCT 23 '00 11:48AM CI

P.2

# Texas Department of Insurance



Certificate No. 12679

Company No. 12-095526

### Certificate of Authority

THIS IS TO CERTIFY THAT

ASI LLOYDS, INC., Attorney-in-Fact

for underwriters at

ASI LLOYDS

DALLAS, TEXAS

has complied with the laws of the State of Texas applicable thereto and is hereby authorized to transact the business of

Fire; Allied Coverages; Inland Marine; Liability other than Automobile; Burglary & Theft and Reinsurance on all lines authorized to be written on a direct basis

insurance within the state of Texas. This Certificate of Authority shall be in full force and effect until it is revoked, canceled or suspended according to law.



IN TESTIMONY WHEREOF, witness my hand and seal of office at Austin, Texas, this

18th day of October A.D. 2000

JOSE MONTEMAYOR
COMMISSIONER OF INSURANCE

BY Godwin Ohaechesi

Godwin Ohaechesi, Director
Company Licensing & Registration

LOCATION:214 871 8209            RX TIME   10/23 '00 13:19

No. **00-1176**

*OFFICIAL ORDER*
*of the*
COMMISSIONER OF INSURANCE
*of the*
STATE OF TEXAS
AUSTIN, TEXAS

Date: **OCT 17 2000**

Subject Considered:

ASI LLOYDS
Dallas, Texas
TDI No. 12-95526

APPLICATION FOR APPROVAL OF ORIGINAL ARTICLES OF AGREEMENT

CONSENT ORDER

DOCKET NO. C-00-0843

General remarks and official action taken:

On this day came on for consideration by the Commissioner of Insurance, pursuant to TEX. INS. CODE ANN. art. 2.01, art. 2.04, and art. 18.04, the application of ASI LLOYDS, INC., Attorney-in-Fact for underwriters at ASI LLOYDS, Dallas, Texas, hereinafter referred to as "APPLICANT", for approval of the original Articles of Agreement.

Staff for the Texas Department of Insurance and the duly authorized representative of APPLICANT have consented to the entry of this order and APPLICANT has waived certain rights as indicated by the signature of its representative on this consent order. APPLICANT elects to informally dispose of this matter pursuant to the provisions of TEX. INS. CODE ANN. §36.104 (former article 1.33(e)), TEX. GOV'T CODE ANN. §2001.056, and 28 TEX. ADMIN. CODE §1.47.

### WAIVER

APPLICANT acknowledges the existence of its right to the issuance and service of notice of hearing, a public hearing, a proposal for decision, rehearing by the Commissioner of Insurance, and judicial review of this administrative action, as provided for in TEX. INS. CODE ANN. §36.201-36.205 (former article 1.04) and TEX. GOV'T CODE ANN. §§2001.051, 2001.052, 2001.145 and 2001.146, and by the signature of its duly authorized representatives on this order, has expressly waived each and every such right and acknowledges the jurisdiction of the Commissioner of Insurance.

00-1176

COMMISSIONER'S ORDER
ASI LLOYDS
PAGE 2 OF 4

## FINDINGS OF FACT

Based upon the express consent of APPLICANT, and the recommendations of the staff of the Texas Department of Insurance, the Commissioner of Insurance makes the following findings of fact:

1. APPLICANT proposes to transact the business of property and casualty insurance pursuant to Chapter 18 of the Texas Insurance Code.

2. The Articles of Agreement have been executed by the ten underwriters.

3. The facts set out in the Articles of Agreement are true and correct.

4. The principal business office of the APPLICANT will be in Dallas, Dallas County, Texas.

5. The Attorney-in-Fact is ASI LLOYDS, INC., a Texas Corporation.

6. Each of the proposed underwriters has signed a Power of Attorney authorizing the Attorney-in-Fact to act on the underwriter's behalf and empowering the Attorney-in-Fact to accept service of process on the underwriter's behalf in any action on any policy or contract of insurance.

7. The underwriters of APPLICANT have contributed to the Attorney-in-Fact $2,000,000 guaranty fund, which satisfies the minimum requirements of the Texas Insurance Code.

8. The guaranty fund is for the purpose of securing the payment of losses to be incurred under policies which the Attorney-in-Fact may write on behalf of APPLICANT.

9. The guaranty fund is possessed by the company in cash; it is the bona fide property of the company; and the guaranty fund is subject to the joint control of the Commissioner of Insurance and the Attorney-in-Fact.

10. The guaranty fund is on deposit with Bank One, Texas, NA, Dallas, Texas.

11. The officers and directors of the Attorney-in-Fact have sufficient insurance experience, ability, standing and good record to render the success of the company probable.

00-1176

COMMISSIONER'S ORDER
ASI LLOYDS
PAGE 3 OF 4

12. The application is being made in good faith.

13. The name of the company, ASI LLOYDS, is not so similar to any name or title in use in this state as to be likely to confuse or deceive.

14. APPLICANT has submitted all documentation required by the Texas Department of Insurance for the formation and licensure of APPLICANT, including the original Articles of Agreement signed by the underwriters and the Attorney-in-Fact.

## CONCLUSIONS OF LAW

Based upon the foregoing findings of fact, the Commissioner of Insurance makes the following conclusions of law:

1. The Commissioner of Insurance has authority and jurisdiction over this matter pursuant to TEX. INS. CODE ANN. art. 2.01, art. 2.03 and art. 18.04.

2. The Commissioner of Insurance has authority to dispose of this matter under TEX. GOV'T CODE ANN. §2001.056, TEX. INS. CODE ANN. §36.104 (former article 1.33(e)), and 28 TEX. ADMIN. CODE §1.47.

3. APPLICANT and staff have knowingly and voluntarily waived all procedural requirements for the entry of this order, including, but not limited to, notice of hearing, a public hearing, a proposal for decision, rehearing by the Commissioner of Insurance, and judicial review of the order as provided for in TEX. GOV'T CODE ANN. §§2001.051, 2001.052, 2001.145 and 2001.146, and TEX. INS. CODE ANN. §§36.201-36.205 (former article 1.04).

IT IS, THEREFORE, THE ORDER of the Commissioner of Insurance that the original Articles of Agreement of ASI LLOYDS, Dallas, Texas, be, and the same is hereby, approved.

JOSE MONTEMAYOR
COMMISSIONER OF INSURANCE

BY: _Godwin Ohaechesi_
Godwin Ohaechesi, Director
Company Licensing & Registration
Order No. 94-0580

**00-1176**

COMMISSIONER'S ORDER
ASI LLOYDS
PAGE 4 OF 4


Recommended by:

*[signature]*

Nellie Nixon
Insurance Specialist
Company Licensing & Registration


AGREED TO BY:

ASI LLOYDS

*[signature]*

John Franklin Auer, President
ASI Lloyds, Inc.
Attorney-in-Fact

No. **00-1180**

OFFICIAL ORDER
*of the*
COMMISSIONER OF INSURANCE
*of the*
STATE OF TEXAS
AUSTIN, TEXAS

Date: **OCT 18 2000**

Subject Considered:

ASI LLOYDS
Dallas, Texas
TDI No. 12-95526

APPLICATION FOR INITIAL CERTIFICATE OF AUTHORITY

Docket No. R-00-0977

General remarks and official action taken:

On this day came on for consideration by the Commissioner of Insurance, pursuant to TEX. INS. CODE ANN. art. 1.14, art. 2.21 and art. 18.04, the application of ASI LLOYDS, INC., Attorney-in-Fact for underwriters at ASI LLOYDS, Dallas, Texas, for a Certificate of Authority.

The records of the Texas Department of Insurance show that Commissioner's Order No. 00-1176, dated October 17, 2000, approved the Original Articles of Agreement. All requirements for the issuance of a Certificate of Authority for a lloyds insurance company have been satisfied.

THEREFORE, based upon the records on file and the representations made by the Company, IT IS ORDERED by the Commissioner of Insurance that a Certificate of Authority be issued to ASI LLOYDS, INC., Attorney-in-Fact for underwriters at ASI LLOYDS, Dallas, Texas authorizing it to write Fire; Allied Coverages; Inland Marine; Liability other than Automobile; Burglary & Theft and Reinsurance on all lines authorized to be written on a direct basis insurance.

JOSE MONTEMAYOR
COMMISSIONER OF INSURANCE

BY: *Godwin Ohaechesi*

Godwin Ohaechesi, Director
Company Licensing & Registration
Order 94-0580

Recommended by:

*Nellie Nixon*

Nellie Nixon, Insurance Specialist
Company Licensing & Registration

LOCATION: RX TIME 10/19 '00 17:18

22ND JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. TAMMANY

STATE OF LOUISIANA

No. 2010-14762                                                                 DIVISION "I"

ROSANNE WILFER

-VERSUS-

ASI LLOYDS

FILED:_____         _____
                                      DEPUTY CLERK

### ANSWER TO FIRST REQUEST FOR ADMISSIONS OF FACT

**REQUEST FOR ADMISSION NO. 1:**

Please admit whether the damages you presently seek to recover from Defendant, ASI Lloyds, exceeds $75,000.00 exclusive of interest and costs. Please do not answer this Request by indicating "the amount of damages in unknown" or "the Request is premature," as you presently know whether the amount of damages you seek to recover from Defendant Exceeds $75,000.00 exclusive of interest and costs.

**ANSWER TO REQUEST FOR ADMISSION NO. 1**

Admitted.

Respectfully Submitted,

_____
HUGH P. LAMBERT, T.A.          (Bar #7933)
LINDA J. NELSON                (Bar #9938)
CANDICE C. SIRMON              (Bar #30728)
CAYCE C. PETERSON              (Bar #32217)
LAMBERT & NELSON, P.L.C.
701 Magazine Street
New Orleans, LA 70130
Counsel for Petitioner, ROSANNE WILFER
hlambert@lambertandnelson.com
lnelson@lambertandnelson.com
candices@lambertandnelson.com
cpeterson@lambertandnleson.com

### CERTIFICATE OF SERVICE

I, Cayce C. Peterson, Esq., hereby certify that a copy of the foregoing has been sent to all counsel of record via facsimile transmission and United States Mail, properly addressed and postage paid, this 2nd day of September, 2010.

_____
CAYCE C. PETERSON, ESQ.

EXHIBIT 4